UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRUCE WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-01615-JMS-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying Certificate of Appealability**

Petitioner Bruce White brought this action *pro se* pursuant to 28 U.S.C. § 2255. In his § 2255 motion he raised two ineffective-assistance-of-counsel claims and a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court denied his *Johnson* claim and set his two ineffective-assistance-of-counsel claims for a hearing. Mr. White was appointed counsel to represent him at the hearing. Mr. White abandoned one of his two remaining claims and proceeded at the hearing only with the following claim: whether his trial counsel, Gwendolyn Beitz, provided ineffective assistance by failing to move to withdraw Mr. White's guilty plea. For the reasons explained below, the Court concludes that Ms. Beitz did not provide ineffective assistance in failing to move to withdraw the guilty plea, and thus Mr. White's § 2255 motion is **denied**.

**I.
Findings of Fact**

The following are the Court's findings of fact. They are drawn from the credible evidence presented at the hearing and the undisputed evidence previously submitted by the parties and on the Court's docket.

Ms. Beitz represented Mr. White in criminal proceedings before this Court in Case No. 1:13-cr-00051-JMS-TAB-1. He was charged with controlled substance violations and being a felon in possession of a firearm in an indictment dated March 13, 2013.

In a letter dated May 22, 2013, Mr. White wrote a letter to the Court requesting that Ms. Beitz be removed as his attorney. The Magistrate Judge held a hearing regarding the letter on June 4, 2013, during which both Mr. White and Ms. Beitz were present. At the hearing, Mr. White expressed various concerns to the Magistrate Judge regarding Ms. Beitz's representation of him, including that he believed she was too busy and that he had yet to see the Government's video evidence purporting to show him engaging in the charged conduct. Prior to that hearing, Ms. Beitz had viewed the video evidence and described it to Mr. White. The Magistrate Judge denied Mr. White's request for new counsel, and thus Ms. Beitz continued to represent Mr. White.

Later in June 2013, Ms. Beitz presented Mr. White with multiple plea offers from the Government. A three-count susperseding indictment was filed on June 19, 2013. Two days later, on June 21, Mr. White petitioned to enter a plea of guilty and signed a Plea Agreement. *See* No. 1:13-cr-00051-JMS-TAB, Dkt. 42. In the Plea Agreement, Mr. White agreed to plead guilty to Count Two of the superseding indictment, which charged him with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Government agreed to move to dismiss Counts One and Three at sentencing, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) and another controlled substance violation. The Plea Agreement was governed by Rule 11(c) and that the parties agreed that, should the Court accept the Plea Agreement, Mr. White would be sentenced to 180 months' imprisonment. The parties also stipulated that Mr. White was a Career Offender under United States Sentencing Guideline § 4B1.1(b)(3).

A change of plea hearing was held that same day. Mr. White was placed under oath and questioned by the Court as to whether he understood the rights he would relinquish by pleading guilty to Count Two of the indictment. The Court concluded that Mr. White fully understood the rights he was relinquishing; that his plea was knowing and voluntary; and that the plea was supported by an independent factual basis as to each essential element of the offense.

Immediately after the change of plea hearing, Mr. White met with an investigator from the Federal Community Defenders Office to review the Government's video evidence. Mr. White wanted to withdraw his guilty plea after watching the three videos. He did not, however, communicate that to Ms. Beitz at that time.

Approximately three months later, on September 16, 2013, Mr. White wrote a letter to the Court. The Court forwarded the letter, unread, to Ms. Beitz since she continued to represent him. This letter was admitted as an exhibit at the hearing in this action. In the letter, Mr. White stated that he wanted to withdraw his guilty plea and remove Ms. Beitz as his counsel.

Ms. Beitz spoke with Mr. White regarding, among other things, the contents of his letter during three fifteen-minute phone calls on November 14, 2013. Several factors led Mr. White to express a desire to withdraw his plea: he was frustrated with his current place of incarceration; he was concerned about his mother's health; and he questioned the credibility of the confidential informant and impact the video evidence would have at a trial.

Ms. Beitz discussed these concerns with him and advised him not to move to withdraw his plea. First, she explained to him that he was presented with a unique and favorable opportunity by the Government to plead guilty to either the firearm charge or a controlled substance charge. If he plead guilty to the firearm charge he would qualify as an Armed Career Criminal, but if he plead guilty to the controlled substance charge, he would be sentenced under the Sentencing

Guidelines as a Career Offender. It was important to Mr. White to qualify for the Residential Drug Abuse Program ("RDAP"), which would allow him the opportunity for a sentence reduction. But he would not qualify for RDAP if he plead to the firearm charge. This is why Mr. White chose to plead guilty to the controlled substance offense. Ms. Beitz explained to him that he could lose this beneficial Plea Agreement if Mr. White moved to withdraw the plea, including the dismissal of the firearm charge, which would place his eligibility for RDAP in jeopardy. She made clear that he would also lose the three-point benefit to his Sentencing Guideline offense level for acceptance of responsibility if he proceeded to trial. Finally, she explained that based on the evidence against him it was not in his best interest to proceed to trial and, in any event, there was no guarantee that the Court would even permit him to withdraw his plea.

Had Mr. White persisted in his request to withdraw his guilty plea, Ms. Beitz would have pursued that course with the Court. But because of their conversation, Mr. White agreed to move forward toward sentencing without moving to withdraw his guilty plea. Ms. Beitz then worked on Mr. White's sentencing statement and otherwise prepared for sentencing.

Mr. White's sentencing hearing was held on November 26, 2013. Mr. White testified at the hearing in this action that he went to his sentencing hearing willingly and, during the sentencing hearing, did not mention any desire to withdraw his plea because he did not want to lose the benefit for acceptance of responsibility. At the sentencing hearing, Mr. White apologized for giving his lawyer a hard time throughout the process and accepted responsibility for his conduct. Pursuant to the Plea Agreement, the Court sentenced Mr. White to 180 months' imprisonment.

## II.
### Discussion

Mr. White's sole remaining claim is that his trial counsel, Ms. Beitz, provided ineffective assistance by failing to move to withdraw his guilty plea. For Mr. White to establish that

"counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the performance requirement, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 534 (quoting *Strickland*, 466 U.S. at 694). The Court will address each element in turn.

A.     **Performance**

Mr. White contends that Ms. Beitz rendered deficient performance by failing to move to withdraw his guilty plea. But the Court concludes that Ms. Beitz's advice and conduct regarding whether or not to move to withdraw his guilty plea was objectively reasonable and thus not deficient performance.

As detailed above, once Mr. White communicated to Ms. Beitz his desire to withdraw his guilty plea in September 2013, she discussed the issue with him and her concerns about that course during three fifteen-minute phone conversations. She explained to him that the Plea Agreement was very favorable to him both because it led to the dismissal of two counts, including the firearm charge, and because it permitted him qualify for a sentence reduction via the RDAP, which was important to Mr. White.[1] Ms. Beitz also explained to him that, should he withdraw his guilty plea

---

[1] During the hearing, Ms. Beitz acknowledged that in hindsight it may have been better for Mr. White to have plead guilty to the firearm charge and be sentenced as an Armed Career Criminal rather than the controlled substances charge and be sentenced as a Career Offender under the advisory Sentencing Guidelines. This is because, as an Armed Career Criminal, Mr. White may have been entitled to relief under the Supreme Court's subsequent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), but *Johnson* did not provide any relief for those sentenced as Career Offenders under the advisory Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886

and proceed to trial, he would lose the three-point benefit to his offense level for acceptance of responsibility. Lastly, she explained that based on the evidence against him it was not in his best interest to proceed to trial and that there was no guarantee that the Court would even permit him to withdraw his guilty plea. By the end of their conversation, Mr. White agreed that he should not move to withdraw his guilty plea and should proceed to sentencing.

All of the foregoing advice Ms. Beitz gave to Mr. White was accurate and "reasonable[] under prevailing professional norms." *Wiggins*, 539 U.S. at 521. Ms. Beitz understandably thought the Plea Agreement was in Mr. White's best interest and was fulfilling her duties as his attorney by advising him of this and explaining the basis for this advice. In some cases, part of a defense attorney's job is to save her client from himself, and this is what Ms. Beitz did here. She explained to her client the potential serious consequences of withdrawing his guilty plea. Further, she explained to him that there was no guarantee such a motion would be granted given that his plea had already been accepted by the Court. *See* Fed. R. Crim. P. 11(d)(2)(B) (requiring the defendant to "show a fair and just reason for requesting the withdrawal" of his guilty plea if the request was made after the court accept the plea but before it imposed sentence); *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016) ("Whether to allow withdrawal of an accepted guilty plea is left to the sound discretion of the district court.").

Importantly, the evidence establishes that Mr. White came to agree with Ms. Beitz advice. Because the decision whether or not to plead guilty ultimately rests with a defendant, *see Florida v. Nixon*, 543 U.S. 175, 187 (2004), it is deficient performance for a lawyer to "refuse[] to file a

---

(2017). While Ms. Beitz is correct, and this reality is harsh from Mr. White's perspective, the Court must evaluate Ms. Beitz's "conduct from [her] perspective at the time" so as to avoid "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Ms. Beitz could not have known in 2013 how the issues in *Johnson* and *Beckles* would have been resolved. Thus her advice regarding which plea agreement to accept did not constitute deficient performance.

motion to withdraw [a defendant's] plea despite a direct instruction that [s]he do so." *Ward v. Jeninks*, 613 F.3d 692, 699 (7th Cir. 2010). But Ms. Beitz made clear that she would have filed a motion to withdraw, even despite her advice to the contrary, had Mr. White persisted in his desire to withdraw his plea. But he did not do so. Among other things, Mr. White agreed with Ms. Beitz that he did not want to risk losing his three-level reduction for acceptance of responsibility. Therefore, not only was Ms. Beitz's advice regarding moving to withdraw the guilty plea reasonable, but once she convinced Mr. White that doing so was not a favorable course, it was certainly reasonable for her not to move to withdraw his plea then. *See id.* (If, on the other hand, it turns out that [the attorney] strongly advised [the defendant] not to withdraw the plea as a strategic matter, but did not disregard any direct, unequivocal instructions, h[er] conduct may well have been reasonable" under *Strickland*").

For these reasons, Mr. White has failed to demonstrate that Ms. Beitz's performance was deficient with respect to her advice and action regarding moving to withdraw his guilty plea. Even though his ineffective-assistance-of-counsel claim fails on this basis alone, the Court will also address prejudice.

**B. Prejudice**

To establish prejudice, Mr. White "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Wiggins*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694). In the context of prejudice from an alleged failure to move to withdraw a guilty plea, a defendant must show "that (1) there was reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial and (2) there was a reasonable probability that the court would have granted his motion to withdraw his guilty plea." *Ward*, 613 F.3d at 699.

Mr. White could not establish prejudice even if the Court concluded that Ms. Beitz provided deficient performance by failing to move to withdraw his guilty plea. This is because, even if there were a reasonable probability that Mr. White would not have insisted on going to trial, there is not a reasonable probability that the Court would have granted Mr. White's motion to withdraw.

"A defendant does not have 'an absolute right to withdraw a plea,' *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005), but may do so if he 'can show a fair and just reason for requesting the withdrawal.' Fed. R. Crim. P. 11(d)(2)(B)." *United States v. Stoller*, 827 F.3d 591, 597 (7th Cir. 2016). The Seventh Circuit "has recognized three general grounds that merit withdrawal of a guilty plea: where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016).

Mr. White has not asserted actual or legal innocence, but that his plea was involuntary. Mr. White's only argument that relates to whether the Court would have granted a motion to withdraw focuses on his inability to watch the video evidence until after he plead guilty. But the lack of opportunity to view the video evidence before the plea did not make the plea involuntary such that the Court would have granted a motion to withdraw. This is especially true given that Ms. Beitz had watched the videos and described them to him before he plead guilty.

The Seventh Circuit has made clear that "a defendant's lack of knowledge about the evidence that would be offered against him at trial does not constitute a fair and just reason for him to withdraw his plea as long as there is a sound factual basis for the plea," *Graf*, 827 F.3d at 586, and here, there was a sound factual basis for the plea. *See* No. 1:13-cr-00051-JMS-TAB, Dkt. 44. For this reason alone, the Court would not have granted a motion to withdraw.

Similarly, the Seventh Circuit has held that "a defendant is not entitled to withdraw his guilty plea simply because he later discovers a weakness in the government's ability to prove its case at trial." *Graf*, 827 F.3d at 586. Thus, although after watching the videos Mr. White testified that he believed he discovered a weakness in the Government's case against him—a conclusion the Court need not assess—this does not provide a fair and just reason for the Court to grant a motion to withdraw under Rule 11(d)(2)(B).

For these reasons, even if Ms. Beitz had moved to withdraw the guilty plea in September 2013, the Court would have denied the motion. Therefore, Mr. White was not prejudiced by any failure on Ms. Beitz's part to move to withdraw his plea.

### III.
### Conclusion

Mr. White's motion to vacate under 28 U.S.C. § 2255 is **denied** for the reasons explained above. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:13-cr-00051-JMS-TAB-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/16/2018

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Evansville)
pamela.domash@usdoj.gov

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov