UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-51-JMS-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRUCE WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:13-cr-00051-JMS-TAB |
| BRUCE WHITE, | ) ) | -1 |
| Defendant. | ) ) | |

**ORDER**

Defendant Bruce White has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt 104. For the reasons explained below, his motion is **DENIED**.

## I.
## Background

On October 10, 2012, Mr. White sold 2.96 grams of cocaine to a confidential informant. Dkt. 57 at 3. He also sold the confidential informant a 12-gauge shotgun with an obliterated serial number and a cut-down barrel. *Id.* On October 31, 2012, Mr. White sold the confidential informant 0.88 grams of cocaine. *Id.* In June 2013, Mr. White pled guilty to one count of distributing cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). Dkts. 35, 48, 63.

Mr. White faced a guidelines range of 151 to 188 months of imprisonment. Dkt. 57 at 15. The Court sentenced him to 180 months of imprisonment followed by three years of supervised release pursuant to a binding plea agreement. Dkt. 63 at 2-3. The Bureau of Prisons ("BOP") lists Mr. White's anticipated release date (with good-conduct time included) as January 7, 2025. https://www.bop.gov/inmateloc/ (last visited February 26, 2024).

2

Mr. White has filed his second motion for compassionate release *pro se*. Dkt. 104. Mr. White argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he is vulnerable to complications from COVID-19 infection due to his mental health conditions; (2) he does not feel safe in the BOP due to violence at his facility; and (3) he wishes to be transferred to a halfway house so that he can provide for his 15-year-old daughter, but his transfer has been prevented by a lack of bedspace. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Mr. White's motion, as appropriate.

Mr. White's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has noted that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. White has presented no evidence regarding whether he is vaccinated, and has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. White "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *see also United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Mr. White has not carried his burden of showing that the risk he faces from COVID-19 is an extraordinary and compelling reason for relief under

§ 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Mr. White argues that the conditions in the BOP, including prison violence, have subjected him to unduly harsh terms of incarceration under which he does not feel safe. Dkt. 104 at 3. Allegations that BOP conditions are violent and dangerous might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Further, every inmate at Mr. White's facility, and indeed, many inmates across the country have dealt with similar issues. Mr. White has simply not shown that his situation is extraordinary as compared to other inmates. Thus, the Court finds that Mr. White has not carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. White also argues that he has remained housed at FCI Buckley because of a lack of bedspace in a halfway house, and he wishes to be released to a halfway house so that he can provide for his 15-year-old daughter. Dkt 104 at 3. Initially the Court notes that the judiciary is not authorized to review BOP placement decisions. *See, e.g.*, *Touzier v. U.S. Attorney General*, 2021 WL 3829618 (11th Cir. Aug. 27, 2021). Accordingly, the Court declines to review the BOP's decision to place Mr. White in FCI Buckley rather than a halfway house. To the extent that Mr. White argues that compassionate release should be granted because he wishes to provide for his

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Mr. White has not shown that the criteria for that extraordinary and compelling reason is met either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

minor daughter, the Court finds that Mr. White has not met his burden of showing that this is an extraordinary and compelling reason for release.  Effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release.  *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 27, 2024).  One such new reason is related to the family circumstances of a defendant and permits the Court to find an extraordinary and compelling reason for release where a defendant wishes to provide care for a minor child due to:

> The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. § 1B1.13(b)(6).  Mr. White has not provided any evidence that the current caregiver of his child has died or is incapacitated.  Many inmates have children for whom they wish to provide financial support. While Mr. White's desire to provide for his family is commendable, such a desire is common, not extraordinary.  Accordingly, the Court finds that Mr. White has failed to meet his burden to show that his desire to be moved to a halfway house or his desire to provide for his daughter constitute extraordinary and compelling reasons for release, whether considered alone, together, or in combination with any other reason.

In sum, the Court does not find that any of the arguments made by Mr. White establish extraordinary and compelling reasons to release him, whether considered alone or in combination with any other reason.  Given this determination, the Court need not address whether Mr. White is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

6

## III.
## Conclusion

For the reasons stated above, Mr. White's motion for compassionate release, dkt. [104], is **denied**.

**IT IS SO ORDERED.**

Date: 2/29/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Bruce White
Register Number: 70768-051
FCI Buckley
Federal Correctional Institution
P.O. Box 350
General & Legal Mail
Beaver, WV 25813