UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:13-cr-00051-JMS-TAB |
| | ) | | |
| BRUCE WHITE, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On July 8, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 1, 2025. Defendant White appeared in person with his appointed counsel William Dazey. The Government appeared by Assistant United States Attorney Barry Glickman. U.S. Parole and Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant White of his rights and provided him with a copy of the petition. Defendant White waived his right to a preliminary hearing.

2. After being placed under oath, Defendant White admitted to violation number 1. [Docket No. 108.] Government orally moved to withdraw the remaining violations (#2 through #4), which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |

On February 27, 2025, the offender submitted a urine sample that was positive for amphetamines, cocaine, and fentanyl. At the time of collection, he admitted using methamphetamine and cocaine.

On April 11, 2025, the offender submitted another urine sample that was positive for amphetamines, cocaine, and fentanyl. At the time of collection, he admitted using methamphetamine three days earlier.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months of imprisonment.

5. The Parties jointly recommended a sentence of 23 months with no supervised release to follow. Defendant requested placement at FCI Lexington.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 23 months with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at FCI Lexington (Kentucky) and that Defendant obtain drug treatment therapy as available at the facility. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

7.	The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 7/8/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system